IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Cherleatha B.,[1] <br><br> Plaintiff, <br><br> v. <br><br> Frank Bisignano, Commissioner of Social Security Administration,[2] <br><br> Defendant. | C/A No. 8:25-cv-654-SAL <br><br><br> **OPINION AND ORDER** |

    This matter is before the court for review of the March 27, 2025 Report and Recommendation of United States Magistrate Judge William S. Brown (the "Report"), made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (D.S.C.). [ECF No. 22.] In the Report, the magistrate judge recommends dismissal of this case without prejudice for lack of jurisdiction. *Id.* Plaintiff timely objected, and the Commissioner replied. [ECF Nos. 25, 28.] For the reasons below, the court adopts the Report and dismisses this case for lack of jurisdiction.

**REVIEW OF A MAGISTRATE JUDGE'S REPORT**

    The magistrate judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). In response to a recommendation, any party may serve and file written objections. *See Elijah v. Dunbar*, 66 F.4th 454, 459 (4th Cir. 2023) (citing 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(3)). The district court then makes a de novo determination of those portions of the Report to which an objection

---

[1] The Committee on Court Administration and Case Management of the Judicial Conference of the United States has recommended that, due to significant privacy concerns in social security cases, federal courts should refer to claimants only by their first names and last initials.

[2] Frank Bisignano was sworn in as the Social Security Commissioner on May 7, 2025. Under

1

is made. *Id.* To trigger de novo review, an objecting party must object with sufficient specificity to reasonably alert the district court of the true ground for the objection. *Id.* (quoting *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007)). If a litigant objects only generally, the court need not explain adopting the Report and must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (citing Fed. R. Civ. P. 72 advisory committee's note).

An objection is specific so long as it alerts the district court that the litigant believes the magistrate judge erred in recommending dismissal of that claim. *Elijah*, 66 F.4th at 460. Objections need not be novel to be sufficiently specific. *Id.* Thus, "[i]n the absence of specific objections . . . this court is not required to give any explanation for adopting the recommendation." *Field v. McMaster*, 663 F. Supp. 2d 449, 451–52 (4th Cir. 2009) (emphasis in original).

Because Plaintiff is proceeding pro se, the court is charged with liberally construing the pleadings to allow her to fully develop potentially meritorious claims. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). That said, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

## DISCUSSION

I.  **Background and Procedural History**

The Report sets forth the procedural history and applicable law, which the court incorporates without a full recitation. [ECF No. 22.] Briefly, Plaintiff alleges she applied for

---

Fed. R. Civ. P. 25(d), he is substituted as a party to this action.

Social Security Disability Insurance ("SSDI") benefits in September 2023, following an accident that left her with medical issues. [ECF No. 1.] She claims to have completed all required steps of the Social Security Administration's ("SSA") application process. *Id.* And when the SSA had not issued a decision on her claim in February 2025, she filed this lawsuit seeking declaratory and injunctive relief. *Id.* In her complaint, she states the court has federal question jurisdiction under 28 U.S.C. § 1331 and jurisdiction under the Administrative Procedure Act ("APA"), 5 U.S.C. § 702. *Id.* at 2. As for relief, she asks that this court declare the SSA has unreasonably delayed and obstructed her disability claim, order the SSA to rule on her claim within 30 days, and award damages of $111,000 to compensate Plaintiff for 401k and 403B contributions she has forfeited, in addition to other relief. *Id.* at 4.

On March 12, 2025, the SSA issued a decision denying Plaintiff's claim. *See* ECF No. 18-1 at 1–2, 6–16. As of March 2025, Plaintiff had appealed that decision and proceeded to the reconsideration stage of the administrative process. *Id.* at 2.

The Commissioner moves to dismiss this case for lack of jurisdiction, arguing the APA does not provide an independent basis for federal jurisdiction. [ECF No. 18-1 at 3.] Further, neither the Social Security Act nor the Federal Tort Claims Act ("FTCA") confer jurisdiction where Plaintiff has failed to exhaust her administrative remedies. *Id.* at 3–5. Plaintiff opposes the Commissioner's motion. [ECF No. 19.]

## II.    The Report

In March 2025, the magistrate judge issued his Report recommending that this case be dismissed for lack of jurisdiction. [ECF No. 22.] The Report explains that this court lacks jurisdiction under the Social Security Act because Plaintiff has not yet exhausted her administrative remedies and has not received a final decision from the Commissioner. *Id.* at 8–10. The magistrate judge further reasons that the APA does not confer jurisdiction where

Plaintiff has not shown that the Commissioner refused to provide the necessary review of her SSDI claim. *Id.* at 11–14. Thus, neither 5 U.S.C. §§ 555 nor 706 of the APA provides an independent basis for jurisdiction. *Id.* Finally, the magistrate judge considers whether the mandamus statute, 28 U.S.C. § 1361, gives the court jurisdiction. *Id.* at 11–16. Ultimately, he concludes it does not because "Plaintiff has not shown that she has been denied access to the normal administrative process or that the Commissioner has refused to act, even though she is understandably displeased with the speed of the agency review process." *Id.* at 15. Without any basis for jurisdiction, the magistrate judge recommends dismissal.

The court agrees with the well-reasoned Report and adopts it in full. Plaintiff does not object to the magistrate judge's conclusions regarding jurisdiction under the Social Security Act or mandamus. But she disagrees that there is no jurisdiction under the APA, so the court addresses that issue below.

### III.    Plaintiff's Objections

Plaintiff maintains that jurisdiction exists under the APA, arguing 5 U.S.C. § 706(1) "empowers courts to **'compel agency action unlawfully withheld or unreasonably delayed.'**" [ECF No. 25 at 2 (emphasis by Plaintiff).] She further asserts that the seventeen-month delay between when she filed for SSDI benefits and when she received an initial decision from the SSA demonstrates a pattern of procedural abuse and bad faith that justifies judicial intervention even without exhaustion. *Id.* But the Report details why the delay in this context does not establish jurisdiction under the APA. *See* ECF No. 22 at 11–16. The court agrees with that analysis.

Plaintiff cites a number of cases in support of her arguments, but those cases are not binding on this court. Nor do they establish that there is jurisdiction under the APA in this case. For example, Plaintiff cites a 1984 case from the District of Columbia Court of Appeals where

4

that court concluded it had exclusive jurisdiction to hear a suit against the Federal Communications Commission by statute. *See Telecomms. Rsch. and Action Ctr. v. Fed. Commc'ns Comm'n*, 750 F.2d 70 (D.C. Cir. 1984). The court explained the APA supported the appellate court's jurisdiction though it "unquestionably [did] not confer an independent grant of jurisdiction . . . ." *Id.* at 76 (citing *Califano v. Sanders*, 430 U.S. 99 (1977)). Another case, *Barry v. Bowen*, 825 F.2d 1324 (9th Cir. 1987), relates to an award of EAJA fees and does not establish that the APA confers jurisdiction in this case.[3] Plaintiff also cites *White v. Mathews*, 559 F.2d 852 (2d Cir. 1977), for the proposition "that extended delays in SSA proceedings violated statutory and constitutional rights." [ECF No. 25 at 3.] Like the instant case, *White* is a challenge to delays by the SSA. But notably in *White* the Second Circuit found jurisdiction under the mandamus statute, not the APA. *White*, 559 F.2d at 855–56. Further, *White* was a class action and was not mooted when the claimant received a hearing before an administrative law judge. *Id.* at 856–58. There are material differences between Plaintiff's claims and those in *White*. Finally, Plaintiff cites "Eisenberg v. SSA, 496 F. Supp. 2d 238 (D.D.C. 2007) – APA allows judicial review where SSA delays action unreasonable, even before a final determination." [ECF No. 25 at 3.] But that case citation Plaintiff provides is for an Eastern District of New York case, *Garcia v. Comm'r of Soc. Sec.*, 496 F. Supp. 2d 235 (E.D.N.Y. 2007), which does not concern the APA.[4] The court found *Eisenberg v. Soc. Sec. Admin.*, 703 F. Supp. 2d 27 (D.D.C. 2010), where

---

[3] Of note, in the underlying case cited for that decision, *Barry v. Heckler*, 620 F. Supp. 779 (N.D. Ca. 1985), the claimant had received a final decision from the Appeals Council, so there was no indication jurisdiction arose solely under the APA.

[4] The court further observes that Plaintiff's filings in this case bear characteristics the court has increasingly observed in briefs generated by artificial intelligence ("AI") programs. *See* ECF Nos. 1, 19, 25. "It is no secret that generative AI programs are known to 'hallucinate' nonexistent cases, and with the advent of AI, courts have seen a rash of cases in which both counsel and pro se litigants have cited such fake, hallucinated cases in their briefs." *Sanders v. United States*, 176 Fed. Cl. 163, 167 (2025). The court suspects this may be a hallucinated case.

     Although the court does not impose sanctions at this time, it cautions Plaintiff that the submission of nonexistent or inaccurate legal authority is improper and wastes judicial resources.

a plaintiff sought judicial review of an administrative law judge's failure to act on requested attorney's fees in a social security case. There, the district court concluded: "As the Social Security Act specifically precludes federal question jurisdiction over Plaintiff's suit, the Court lacks independent subject matter jurisdiction to entertain Plaintiff's claims brought pursuant to the APA. Plaintiff's Complaint must therefore be dismissed." *Eisenberg*, 703 F. Supp. 2d at 31. None of these cases establish that there is jurisdiction in this case under the APA. If anything, these cases support the Report's reasoning and this court's conclusion. Thus, the court overrules Plaintiff's objections.

    Plaintiff further argues this action is not moot. And she complains that the SSA only acted after she filed this lawsuit. She asserts the harm she suffered, including lost retirement funds, housing instability, and emotional distress, is distinct and ongoing. [ECF No. 25 at 3.] To the extent Plaintiff asks this court to compel the SSA to render a decision as to her SSDI benefits, that request is moot because she has now received a decision and is in the process of appealing. The court further notes that "APA relief is only permitted where the plaintiff is seeking relief 'other than monetary damages.'" *Davis v. United States*, 973 F. Supp. 2d 23, 30 (D.D.C. 2014). Thus, Plaintiff's requested monetary damages are not available to her under the APA. The court overrules these objections.

    Finally, Plaintiff states that her claims do not fall under the FTCA. [ECF No. 25 at 3.] While the Commissioner initially addressed the FTCA, Plaintiff clarified that she was not proceeding under the FTCA. Accordingly, the magistrate judge did not address these arguments.

---

The court concludes a warning is appropriate here. *See Sanders*, 176 Fed. Cl. at 170 ("[G]iven the relative novelty of AI, the Court recognizes that Plaintiff may not have been aware of the risk that AI programs can generate fake case citations and other legal misstatements. For this reasons, many judges opt to warn—rather than sanction—pro se litigants who have improperly used AI . . . ."). Plaintiff is now on notice that she could be subjected to sanctions, including the striking of filings, the imposition of filing restrictions, monetary penalties, or the dismissal of her action, should she cite fake, AI-generated legal authority to the court again.

*See* ECF No. 22 at 8 n.3. This court is not dismissing this case based on any FTCA-related arguments. This objection is overruled.

Having found this court lacks jurisdiction over this matter, it must dismiss the case. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *see also Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998) ("Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause.").

## CONCLUSION

After a thorough review of the Report, the applicable law, and the record, the court adopts the Report, ECF No. 22, and **DISMISSES THIS CASE WITHOUT PREJUDICE FOR LACK OF JURISDICTION**.

IT IS SO ORDERED.

December 29, 2025
Columbia, South Carolina

Sherri A. Lydon
United States District Judge